BENJAMIN F. BUTLER, Administrator *vs.* ARZA PAGE.

Fixtures, erected on mortgaged land by the mortgagor, are annexed to the freehold, and cannot be removed by him before the mortgage debt is paid; and the removal of them by the mortgagee, after the mortgagor's death, does not vest the property thereof in the mortgagor's representative.

Where a mortgagor began the erection, on a parcel of mortgaged land, of a building intended for a dwelling-house, and to stand there, and also began to erect, on the same parcel, a smaller building, standing on posts fixed in the ground, and intended to be used by him as a dwelling-house, until the larger building should be finished, it was *held* that both the unfinished erections were fixtures.

TROVER for a quantity of lumber. The plaintiff sued as administrator of the estate of William Conolly, who died in

Butler, Administrator *v.* Page.

May 1842.   Trial in the court of common pleas, before *Warren*, J., who made a report of the case, as follows :

On the 1st of December 1838, said Conolly conveyed to Henry A. and Stephen A. Colburn certain real estate in mortgage, to secure payment of $1163·50, of which $100 was payable in two years from said date, and the remainder in yearly instalments, after the expiration of said two years.   No building was then on the estate.   On the 6th of December 1841, said mortgagees duly took possession of the mortgaged estate, for condition broken ; and on the 9th of February 1842, Conolly paid them all that was then due and payable to them, but did not become repossessed of the estate.

On the 30th of January 1840, Conolly mortgaged the same estate to Harvey Crosby, to secure payment of $700 on demand, no part of which has been paid.   In May 1841, Conolly commenced the erection of a building on the mortgaged premises, which he intended for a dwelling-house.   It was framed and set up on blocks laid in the ground, and was boarded.   No cellar was dug, no floor was laid, and there were no doors nor windows.   About the same time, Conolly began the erection of a smaller building on said premises, which he intended to occupy for a dwelling-house until the larger building should be completed.   This smaller building was constructed with posts set into the ground, at the four corners, with boards nailed to them at the sides, and partially over the top.   No floor was laid in this building ; and neither of the buildings was ever used for any purpose.

After the death of Conolly, said Crosby, the second mortgagee, sold to the defendant the said two buildings, and the defendant subsequently took them down, and removed them from the premises.   The plaintiff afterwards demanded of the defendant the materials of which said buildings had been composed, and the defendant refused to deliver them.

The court instructed the jury, that the defendant was entitled to their verdict, which they returned accordingly ; and to this instruction the plaintiff alleged exceptions.

*Butler, pro se,* cited *Taylor* v. *Townsend,* 8 Mass 411

Woodf. Land. & Ten. (7th ed.) 319, 328. *Elwes* v. *Maw,* 3 East, 38. *Dudley* v. *Warde,* Amb. 113.

*Knowles,* for the defendant, was stopped by the court.

SHAW, C. J. All buildings erected and fixtures placed on mortgaged premises, by the mortgagor, must be regarded as permanently annexed to the freehold. They go to enhance the value of the estate, and will therefore enure to the benefit of the mortgagee so far as they increase his security for his debt; and to the same extent they enhance the value of the equity of re demption, and thereby enure to the benefit of the mortgagor. *Winslow* v. *Merchants Ins. Co.* 4 Met. 306. There is no necessity to adopt any liberal rule in regard to fixtures, to enable a mort gagor to remove what he has erected at his own expense; because he has the full benefit of all such improvements when he regains the estate by redemption, which he may do, simply by payment of his actual debt. The general rule of the com- mon law, therefore, that what is fixed to the freehold becomes part of the realty, and passes with it, has its full effect, in regard to things erected on the land by an owner, who subsequently mortgages the land, and also in regard to things erected by the mortgagor after the mortgage. It was argued that a mortgagor in possession is tenant to the mortgagee, and then authorities were cited to show that temporary buildings, erected by a tenant at his own expense, might be removed. This, we think, is founded on a fallacy. It is often said, that a mortgagor is ten- ant at will to the mortgagee. It would be more accurate to say that in many respects he is like a tenant at will. As between mortgagor and mortgagee, the fee vests in the latter, by opera- tion of the deed; but so long as the mortgagor, without the entry of the mortgagee, continues in possession, that possession is rightful, and of course he must be considered a tenant. But he is not liable for rent, and in that respect is not like a tenant, but an owner occupying his own land. But the likeness fails in another particular, which renders the relation of landlord and tenant, and the rules adapted to that relation, inapplicable · If a tenant for years erects fixtures at his own expense, and for his own use, as such tenant, if he could not remove them at or be-

fore the expiration of the term, he would lose the cost of them ; which would be manifestly inequitable. But if the same thing is done by a mortgagor, he has an ample remedy, in his power to redeem the freehold. In truth, a mortgagor, adding buildings and fixtures to the freehold which he has hypothecated, is much more like an owner adding to his own estate, than like a tenant adding value to the estate of another.

The court are of opinion that both of the buildings, as described, were fixtures. The larger was an unfinished dwelling-house, intended to stand on the land where it was erected, as an improvement of the realty ; the other was a smaller building, standing on posts fixed in the ground. They were both of them thus annexed to the realty. Whether the removal of these buildings, by the second mortgagee, was waste, as against the first mortgagee, or in what way the second mortgagee would be liable to account for them, on a redemption by Conolly, or any person claiming under him, we need not now inquire. At the time of Conolly's decease, the fee of the mortgaged premises, as between him and his mortgagees, was in the latter, and the removal of these buildings by either of them vested no property in the materials, in his representative ; and therefore this action of trover cannot be maintained. [See *Fryatt* v. *The Sullivan Co.* 5 Hill, 116.]