Nov. Term, 1860.

REESE
v.
JARED.

*A. Daggy*, for appellants.

*D. E. Williamson*, for appellee.

---

REESE and Another *v.* JARED.

*A.* employed *B.* to build a house, and after the same was erected and finished, *B.* sold it to *C.*, and moved it upon his land, where it was set upon a permanent brick foundation. Suit by *A.* to recover possession of the house. Judgment for the plaintiff.

*Held*, that the recovery should have been for the value of the house and not the house itself, and as the jury did not find its value, this Court can not correct the judgment.

*Saturday, December 1.*

APPEAL from the *Vanderburgh* Common Pleas.

PERKINS, J.—The facts in this case are substantially these: *Jared* employed *Reese* to erect a house on a certain lot of ground, and was to pay him therefor by conveying to him a certain other lot. *Reese* was to furnish the materials.

*Reese* built the house, and then discovered that in the agreement under which it was built, there were mistakes in the numbers of the lots to be built upon, and to be taken in payment. *Reese*, apprehending loss to himself, and with a view to prevent it, sold, while yet in possession thereof, the house

he had erected for *Jared*, to one *Schmall*, and moved it on to a lot of his, placing it upon a permanent brick foundation.

*Jared* then sued *Reese* and *Schmall*, not for the value of the house, but to recover possession of the specific article : the house itself. It does not appear that *Schmall* was aware of the fact, that *Reese* had no right to sell and remove the house.

When the lumber, out of which the house in question was constructed was growing in the tree, it was real estate. While at the saw-mill, in the log and lumber, it was personal estate. When erected into a house, on a permanent foundation, on *Jared's* lot, it became real estate again. When traveling on rollers from *Jared's* to *Schmall's* lot, it became, a second time, personal estate; and when fixed on a permanent foundation on *Schmall's* lot, it returned again to its original character of real estate. Whose real estate? *Kent* lays down that, "If *A.* builds a house, with his own materials, upon the land of *B.*, the land, said *Pothier*, is the principal subject, and the other is but accessary; for the land can subsist without the building, but the building can not subsist without the land on which it stands; and, therefore, the owner of the land acquired, by right of accession, the property in the building. It is the same thing, if *A.* builds a house on his own land with the materials of another; for the property in the land vests the property in the building by, right of accession, and the owner of the land would only be obliged (if bound to answer at all) to answer to the owner of the materials for the value of them." 2 Kent, 362. He further says, that "The English law will not allow one man to gain a title to the property of another upon the principle of accession, if he took the other's property willfully as a trespasser." *Id.* 363. According to the above quoted authority, the recovery in this case should have been the value of the house, not the house itself; and as the jury, in their verdict, did not find the value of the house, we can not correct the judgment rendered, for want of data, and it must be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for further proceedings. ·

*C. Baker*, for appellants.

*J. G. Jones* and *J. E. Blythe*, for appellee.