STEPHEN L. KINGSLEY *vs.* EVERETT E. MCFARLAND and HOSEA B. PHILLIPS.

Hancock.    Opinion December 31, 1889.

*Fixtures.    Contract of purchase.*

When one in possession of land under a contract of purchase thereof, voluntarily erects and moves buildings thereon without any agreement express or implied with the land owner that they shall remain personal property and shall not become a part of the realty; they become a part of the realty and belong to the owner of the soil.

ON REPORT.

The facts appear in the opinion.

*Wiswell, King and Peters*, for plaintiff.

*G. P. Dutton*, for defendants.

VIRGIN, J.   Writ of entry to obtain possession of a certain parcel of land at Bar Harbor with the buildings thereon, comprising a two story dwelling-house and stable.   The defendants do not contest the plaintiff's title and right of possession of the land, but claim that the buildings are personal property, the defendant Phillips' alleged title being under a mortgage from the other defendant.

A careful examination of the reported evidence satisfies us of the following facts:   The plaintiff owning the land in question, in the early part of 1888 orally agreed to sell it for $6000 to McFarland who agreed to pay that sum therefor and to move thereon the L of a certain hotel and make it into a boarding house; and then, upon receiving a deed from the plaintiff, McFarland was to give back a mortgage to secure the payment of the whole purchase money.   Under this agreement McFarland entered into possession.   The L was moved on, some fifteen feet added thereto and finished off into a boarding house with a piazza extending the entire length of one side and across one end.   Like most of the buildings there, this one rested on fifty cedar posts, was boarded down into the ground and connected with the sewers and water pipe.   A stable was also erected standing on stone piers.

McFarland hired money of his co-defendant Phillips with which to purchase and move the L, and for security, gave him a chattel mortgage thereof dated March 8, 1888, and recorded March 10. As to the location of the L when the mortgage was given, the evidence is somewhat conflicting,—McFarland testifies that it was given "before the L was started;" Phillips, "while it was in process of moving."   But the mortgage itself describes the building as then on the land in question and the disinterested witness Lord, called to the premises, on March 4, by McFarland, to estimate the cost of completing the building, testifies that on March 4 (four

days before the date of the mortgage), "the building was on the land as it is now all moved." In May, after the stable was erected, McFarland mortgaged it as a chattel to Phillips. Our conclusion is that the house was mortgaged after it was on the land.

It is undisputed that Phillips knew that the L was to be moved on to the lot when McFarland purchased it and evidently understood as did the other parties, the purpose and object of the removal.

Under these circumstances we can have no doubt that these buildings became a part of the realty and could neither be attached nor mortgaged as the personal property of McFarland against the objections of the plaintiff. For generally buildings of a permanent character are a part of the realty and belong to the owner of the land on which they stand. *Milton* v. *Colby*, 5 Met. 78, 81; *Howard* v. *Fessenden*, 12 Allen, 124, 128; *Westgate* v. *Wixon*, 128 Mass. 304, 306. They can be held by another as personal property with the right of removal only under some agreement with the owner of the land. If erected voluntarily and without any contract express or implied with the land owner that they shall not become part of the realty but shall remain personal, they became part of the realty, and belong to the owner of the soil. *Hinkley and Eg. I. Co.* v. *Black*, 70 Maine, 473, 481, and cases there cited. There is no pretense of any express agreement on the part of the plaintiff that the buildings were to remain the personal property of McFarland. He was not like a stranger, without any interest in the land, who erects buildings on the land of another with the latter's consent from which might readily be implied an understanding that they could be sold or removed by the builder. *Osgood* v. *Howard*, 6 Maine, 452; *Russell* v. *Richards*, 10 Maine, 429; *Pullen* v. *Bell*, 40 Maine, 314, as explained in *Lapham* v. *Norton*, 71 Maine, 86, 87. But on the contrary, he was in possession under an agreement to purchase having an equitable interest therein, therefore, and the plaintiff was to convey to him the land under certain conditions, and the relations of the parties were not such as that the law would imply any agreement that the buildings were to remain personal property. *Westgate* v. *Wixon*, 128 Mass. 304. Both parties evi-

dently contemplated the completion of the contract, and McFarland intended the buildings as an improvement upon the land which he expected to own, and the plaintiff, as additional security of the purchase money of the land which he expected to convey. *Lapham* v. *Norton,* 71 Maine, 83.

As Phillips made advances on the L with full knowledge of what use was to be made of it and took a mortgage after it was made a part of the realty, we think his mortgage cannot avail him. And the same principle applies to the stable.

> *Judgment for the plaintiff for premises described in the writ including the buildings.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.