## CHARLESTON.

### JONES v. SHUFFLIN.

Submitted Sept. 26, 1898—Decided Dec. 17, 1898.

1. APPEAL—*Bill in Equity.*
     An objection to a bill in chancery, made for the first time in
     this Court, for the reason that it is not signed by counsel, will not
     be entertained. (p. 730).

2. TENANCY FOR LIFE—*Remainder Man—Removal of Buildings.*
     After the expiration of a life tenancy in a town lot by death,
     and the termination of a lease thereunder, the lessee cannot re-
     move buildings put on such lot during the continuance of such
     tenancy. Such buildings become a part of the realty, and go to
     the person entitled to the remainder. (p. 730)

Appeal from Circuit Court, Tyler County.
Bill by Clark E. Jones against M. B. Shufflin. Decree
for plaintiff. Defendant appeals.

*Affirmed.*

THOS. P. JACOBS and F. D. YOUNG, for appellants.
ROBERT McELDOWNEY and G. M. McCOY, for appellees

DENT, JUDGE:

S. Stephens and Amanda Stephens, holding a life tenancy,
in a certain lot in the town of Sistersville, Tyler County,
W. Va., with remainder in Clara E. Jones, leased the same
to M. B. Shufflin for a period of years extending to the 1st
day of April, 1900. Clara E. Jones did not consent to or
join in either of these leases (there being two of them), but,
on being applied to, positively refused to do so. To the

first lease Mrs. J. S. Jones (now Mrs. Shufflin) was a party, but she was not made a party to this suit. These leases were terminated by the death of the surviving life tenant, Mrs. Amanda Stephens, the 2d day of January, 1897. See *Shufflin* v. *House*, 45 W. Va. 731, (31 S. E, 974). During their existence M. B. Shufflin erected a large frame building on the lot which he leased to House & Hermann, who were in the occupancy thereof at the time the leases termi· nated. This building was constructed on a good, firm foundation, and was connected with the street sewerage, at the expense of the life tenancy. Defendant Shufflin undertook, after the termination of his lease aforesaid, to remove the building from the lot. Clara E. Jones, plaintiff, enjoined such removal, and, at the hearing of the cause on bill and answer, general replication, and depositions, the injunction was perpetuated. The defendant appeals, and claims: First. That the bill was not signed by an attorney. This is an objection that should have been taken in the circuit court, and cannot be taken for the first time in this Court. Second. That Mrs. J. S. Jones was not made a party, while she is a party to the leases, or one of them. There is nothing to show that she was attempting to remove the building, and it will be time enough to enjoin her when she does undertake to do so. She was not a necessary party,.as no relief is sought against her.

Defendant insists he had a right to remove the building— First, because his tenancy had not terminated; and, second, it remained his by virtue of the law of fixtures. The first of these questions is settled adversely to defendant's claim in the case of *Shufflin* ·v. *House*, before cited. As to the second question, the law is well settled that the remainder-man is entitled to the property with all improvements thereon at the expiration of the life tenancy. In the case of *White* v. *Arndt*, 1 Whart. 91, it is held: "(1) Even as between landlord and tenant, fixtures erected by the latter; and which he is entitled to remove, must be removed during the term; after the expiration of the term the tenant can neither remove them nor recover their value from the landlord. (2) This rule prevails more strictly between tenant for life or his lessee and the remainder-man, the latter of whom is not bound by any agreement between the

tenant for life and his lessee under which the lessee may have erected buildings on the land." *Hafflick* v. *Stober*, 11 Ohio St. 482; *Austell* v. *Swann*, 74 Ga. 278; *Dean* v. *Feely*, 69 Ga. 804.   The plaintiff, being entitled to the remainder, and not having consented to the lease, is in no wise bound thereby, and the improvements come to her as though they had been placed thereon by a stranger.   If a building is erected on land against the will of the landowner, or without his consent, it becomes realty, and cannot be removed therefrom without the commission of waste.   *Bonney* v. *Foss*, 62 Me. 248; *Cannon* v. *Copeland*, 43 Ala. 252; *Dart* v. *Hercules*, 57 Ill. 446; *Honzik* v. *Delaglise*, 65 Wis. 494, (27 N. W. 171).   The defendant in this case acted with open eyes.   He erected the building against the consent and against the known will of the plaintiff.   He allowed it to remain until after the expiration of the life tenancy and the termination of his lease, and thereby, if he might have done so before, he cannot remove the same.   It has become a part of the realty, and belongs to the plaintiff.   The court did right to perpetuate the injunction, and its decree is affirmed.

*Affirmed.*