# CHARLESTON.

SHUFFLIN *v.* HOUSE *et al.*

Submitted Sept. 26, 1898.—Decided Dec. 17, 1898.

1. LAND—*Town lots.*

The word "land" in section 1, chapter 94, Code, is used in a restricted sense to denote agricultural or farming land, and not town lots used for building purposes alone. (p. 733).

2.   TENANCY FOR LIFE—*Lease—Duration of Lease—Death of Life Tenant.*

  All unexpired leases given by a life tenant on town lots used for building purposes alone terminate with the death of such life tenant, and do not continue in force until the end of the current year. (p. 733).

Error to Circuit Court, Tyler County.

Suit by M. B. Shufflin against House & Hermann and others. Judgment for plaintiff, and defendants bring error.

*Reversed.*

ROBERT MCELDOWNEY, GEORGE W. MCCOY and HOWARD & HANDLAN, for plaintiffs in error.

T. P. JACOBS and F. D. YOUNG, for defendant in error.

DENT, JUDGE:

S. Stephens and Amanda Stephens, holding a life tenancy in a certain lot in the town of Sistersville, Tyler County, W. Va., with remainder in Clara E. Jones, leased the same to M. B. Shufflin for the period of from one to five years, ending on the 12th day of May, 1897. This lease was afterwards extended to the 1st day of April, 1900. Clara E. Jones did not consent to, or join in either of the leases. Amanda Stephens, the surviving life tenant, died the 2d day of January, 1897. In the meantime M. B. Shufflin sublet the property to House & Hermann at the rate of one hundred and fifty dollars. House & Hermann paid Shufflin up to including the date of the death of Mrs. Stephens, and then released the property from Mrs. Jones. Shufflin, claiming the rent from Mrs. Stephens' death up to the end of the current year, to-wit 12th May, 1897, levied two distress warrants on the property of House & Hermann. They gave forthcoming bonds, and this suit is on such bonds to recover the balance of such rent. The circuit court gave judgment against the defendants for the sum of three hundred and sixty dollars, and they come to this Court.

The only question presented is as to whether M. B. Shuffling or Clara E. Jones is entitled to the rent from the 2d day of January, 1897, to the 12th day of May, 1897, being from the date of the death of Mrs. Stephens to the end of the

current year of the leasehold.  All unexpired leases made by a life tenant terminate at his death, except as otherwise provided by statute.  Gear. Landl. & Ten. s, 21; 1 Tayl. Landl. & Ten. p. 421, s. 112; 12 Am. & Eng. Enc. Law, p. 758, note 1.  Code, c. 94, s. 1, provides that, "If there be tenant for life or other uncertain interest in land which is let to another, the lessee may hold the land to the end of the current year of the tenancy, paying rent therefor; the rent if it be reserved in money shall be apportioned between the tenant for life or other uncertain interest, or his personal representative and those who succeed to the land."  This provision the plaintiff insists governs in this case, while the defendants insist that it only applies to land used for agricultural purposes, and not to town lots or other real estate where the rent is payable in money.  The word "land" in this section was no doubt used in a restricted sense to denote agricultural land rented for an annual rental, for the purpose of encouraging agriculture and securing to the tenant the harvest that he might sow.  2 Minor. Inst. pp. 101, 102. Where the reason of the law fails, the law itself is at an end "The word 'land' has two senses, one is general and one restricted.  If it occurs accompanied with other words which either in whole or in part supply the difference between the two senses, that is a reason for taking it in its less general sense: e. g. in a grant of lands, meadows, and pastures, the former word is held to mean only arable land. Burt. Real Prop. 183; Cro. Eliz. 476, 659; 2 And. 123; *Van Gorden* v. *Jackson*, 5 John. 440."  Bouv. Law Dict.  The reason for taking the word "land" in its less general sense as farming or agricultural land is from the context and the true purpose of the enactment, being to secure to the person who sows and cultivates the right to reap and enjoy. In the case of town property no such necessity exists.  If the statute was applicable, all the tenant could do, even thereunder, would be to collect the rent and pay it over to the remainder-man.  He is only entitled to the rent up to the date of the death of the life tenant.  Why, then, permit him to collect rent which belongs to another, or retain control of property in which he has no possible interest ? With agricultural land it is different.  A yearly rental or

a portion of the crop is usually reserved, and according to common law the subtenant, in case of the death of the life tenant, was entitled to the emblements. The object of the statute was to declare the common law and make it effective, and was in no sense to apply to town property rented for a monthly rental, of whatever term. As to such property its provisions have no application, and are wholly unnecessary and useless. Therefore the circuit court erred in rendering judgment for the plaintiff, and the same is reversed, and judgment is entered for the defendants.

*Reversed.*