EMIL C. BLOMQUIST ET AL., APPELLEES, v. BOARD OF EDUCATIONAL LANDS AND FUNDS OF THE STATE OF NEBRASKA, APPELLANT.

104 N. W. 2d 264

Filed July 8, 1960. No. 34780.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for appellant.

*Ginsburg, Rosenberg & Ginsburg* and *Norman Krivosha,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Emil C. Blomquist and Orpha P. Blomquist, husband and wife, as joint tenants under a lease of Section 36, Township 28, Range 23, in Brown County, Nebraska, plaintiffs and appellees, against the Board of Educational Lands and Funds of the State of Nebraska, an agency and department of the State of Nebraska having charge of all school lands owned by the state or land, title to which may vest in the state, and having authority to adopt rules for that purpose and to lease such lands, defendant and appellant. The purpose of the action is to have determined the rights and interest of the parties under the lease; to have it adjudged that the plaintiffs have the right to remove or dispose of trees on the land; to have it determined that on the termination of the lease the trees remaining on the land shall be appraised, the value determined, and the value thereof paid to plaintiffs; to have the defendant enjoined from claiming any title or interest

in the trees; and, on the negotiation of a new lease, to have plaintiffs recognized as the owners of the trees.

As ground for the relief sought the plaintiffs, to the extent necessary to state here, pleaded that they had been tenants on the land under lease from the defendant since 1934; that between 1941 and 1944 they planted on the land 20 acres of trees which consisted of cedar, pine, ash, chinese elm, hackberry, cottonwood, and plum for their general use, for shelter and posts, and for possible commercial purposes; that the trees were fully grown in the summer of 1958; that they had a market value of more than $6,000 and that they increased the value of the real estate; that the lease of plaintiffs expired on January 1, 1959; that in order to protect the interest in the trees which the plaintiffs claimed under the provisions of section 72-240.06, R. R. S. 1943, it became necessary for them to pay to the defendant as rental $3,550 for a renewal lease, which otherwise they would not have been required to pay; that the lease so procured was for 12 years from January 1, 1959; that the trees planted by the plaintiffs are their property; and that the provision under which they make their claim for the relief prayed is the following from section 72-240.06, R. R. S. 1943: "Improvements to be included in such appraisement shall be all buildings, fencing, wells, windmills, pumps, tanks, irrigation improvements, dams, drainage ditches, conservation terraces, trees, plowing for future crops, and alfalfa or other crops growing thereon."

To the petition of plaintiffs the defendant filed a demurrer. The ground of the demurrer was that the petition did not state facts sufficient to constitute a cause of action in that the portion of section 72-240.06, R. R. S. 1943, relating to trees is unconstitutional and void as an attempt to bestow a special benefit upon persons holding school land leases at a certain time at the expense of the school land trust.

The demurrer was overruled, whereupon the defend-

ant elected to stand thereon and refused to plead further. A judgment was thereupon rendered granting the relief prayed for in the petition of the plaintiffs. From this judgment the defendant has appealed.

As has been pointed out in what has been said the claim of plaintiffs is based upon a claimed right which they contend flows from section 72-240.06, R. R. S. 1943, coupled with acts performed between the years 1941 and 1944. As also pointed out the defendant contends that the provision on which the plaintiffs rely is unconstitutional and void. The particular provisions from which this controversy stems are as follows: "All authorized improvements on school land leases shall become the property of new lessees in all instances, and payment shall be made to the old lessees as herein provided. * * * If the parties are unable to agree as to the value of all the improvements on the land, such improvements shall be appraised by a board of three appraisers * * *. Improvements to be included in such appraisement shall be all buildings, fencing, wells, windmills, pumps, tanks, irrigation improvements, dams, drainage ditches, conservation terraces, trees, plowing for future crops, and alfalfa or other crops growing thereon."

It becomes necessary however before entering upon a discussion of these questions to consider pertinent, perhaps controlling, factors in the determination of this case without reaching the questions which have been presented by the pleadings, the judgment, or the briefs of the parties on appeal. The matters to which reference is here made are the origin and history back of section 72-240.06, R. R. S. 1943, the time when the acts of plaintiffs were performed, and the legal significance of the planting of trees upon the land.

It is to be observed that the first sentence of the section of the statute which has become the center of this controversy makes the subject involved "all authorized improvements on school land leases." The stat-

ute then declares that the ownership of the authorized improvements shall pass to the new tenant in case of the transfer of the lease. Conditions of transfer are prescribed but a statement of them is not required herein. It should be said here however that the transfer contemplated is not to be made by the defendant, but from an old to a new lessee, on terms and conditions imposed by the statute.

It becomes important next to observe that the authorized improvements designated in the statute are "buildings, fencing, wells, windmills, pumps, tanks, irrigation improvements, dams, drainage ditches, conservation terraces, trees, plowing for future crops, and alfalfa or other crops growing thereon." Of special significance is the fact that in the present statute trees are within the classification.

In varying terminology but in a single sense the statutes, from a time long prior to the date of the commencement of the first tenancy of plaintiffs to the present time, contained an enumeration of the improvements to which title passed, under stated restrictions, from an old to a new lessee. For convenience this history will start with section 72-218, Comp. St. 1929, which was prior to the commencement of the first tenancy, and follow through with Laws 1935, c. 163, § 11, p. 604; § 72-240, R. S. 1943; Laws 1947, c. 235, § 7 (7), p. 750; Laws 1953, c. 255, § 1, p. 862; and Laws 1957, c. 303, § 1, p. 1107, which is now section 72-240.06, R. R. S. 1943.

It was not until the adoption of the act of 1953 that "trees" were included in the enumeration of improvements which were to pass from the old to the new lessee. This act of 1953 was declared unconstitutional in Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508. In that case it was said: "An unconstitutional statute is a nullity, is void from its enactment, and is incapable of creating any rights or obligations."

As indicated the present section 72-240.06, R. R. S.

1943, was enacted in 1957. For the first time, therefore, in that year there was a statutory provision on its face valid enumerating trees as improvements and providing for their transfer from an old to a new lessee. This was 13 years after completion of the planting of trees by the plaintiffs.

It is further noted that in the rules of defendant "trees" were not enumerated as improvements passing with the change of lessees until December 8, 1958, when rule 2 of the rules relating to improvements was filed with the Secretary of State.

It becomes clear from this history that regardless of the pleadings and the presentations by the parties in their briefs that the status of these trees is essential to a proper determination of whether or not the plaintiffs are entitled to any of the relief for which they pray in their petition and which they were awarded by the judgment of the district court. If they have no ownership in the trees, this court is not called upon to pass in this case upon the constitutionality of section 72-240.06, R. R. S. 1943.

Without any apparent dispute it appears that the trees in question were improvements of a permanent character made on this real estate and in the very nature of things attached thereto. They were placed on the land, and it is not pleaded that they were so placed with the consent of the defendant. Under the general rule as set forth in 27 Am. Jur., Improvements, § 3, p. 261, as follows, they became a part of the realty and title thereto vested in the State of Nebraska as trustee of the school lands of the state from the date of planting: "As a general rule, improvements of a permanent character, made on real estate and attached thereto without the consent of the owner of the fee, by one having no title or interest, become a part of the realty and vest in the owner of the fee as his own property * * *." See, also, Friedlander v. Ryder, 30 Neb. 783, 47 N. W. 83, 9 L. R. A. 700; Frost v. Schinkel, 121 Neb. 784, 238 N.

W. 659, 77 A. L. R. 1381; Watson Bros. Realty Co. v. County of Douglas, 149 Neb. 799, 32 N. W. 2d 763; Nilson Bros. v. Kahn, 314 Ill. 275, 145 N. E. 340; Reese v. Jared, 15 Ind. 142, 77 Am. Dec. 88; Graham v. Connersville & N. C. J. R. R. Co., 36 Ind. 463, 10 Am. R. 56; Atchison, T. & S. F. R.R. Co. v. Morgan, 42 Kan. 23, 21 P. 809, 4 L. R. A. 284, 16 Am. S. R. 471; Kingsley v. McFarland, 82 Me. 231, 19 A. 442, 17 Am. S. R. 473; Peirce v. Goddard, 39 Mass. 559, 33 Am. Dec. 764; Butler v. Page, 48 Mass. 40, 39 Am. Dec. 757; Pomeroy, Wilson & Butler v. Lambeth, 36 N. C. 65, 36 Am. Dec. 33; Jones v. Shufflin, 45 W. Va. 729, 31 S. E. 975, 72 Am. S. R. 848.

The general rule that improvements which become a part of the real estate may not be removed and do not become the property of the lessee is applicable in the absence of agreement, express or implied, or a statute indicating otherwise. See 51 C. J. S., Landlord and Tenant, § 399 (a), p. 1141.

It is noted that in Reese v. Jared, *supra*, is contained a pertinent declaration that trees are improvements, and lumber while in a tree is real estate. Nothing has been found to indicate that they shall be treated otherwise in the absence of statute or agreement.

The petition is not predicated on an agreement when or after the plaintiffs became lessees of this land, nor on a statute which directly or by reasonable inference permits a removal of these trees. It is true that a statute does indicate that movable improvements are the property of the lessee. § 72-238, R. R. S. 1943. See, also, State v. Platte Valley Public Power & Irr. Dist., 147 Neb. 289, 23 N. W. 2d 300, 166 A. L. R. 1196. As is made clear trees growing on land are not movable improvements. They are, as pointed out, a part of the land. The petition is predicated, in the light of the history set forth herein, on a mere leasehold or leaseholds containing no reference to agreement with regard to trees, and without any statute which at the time of planting di-

rectly or by reasonable inference gave to the plaintiffs an interest in trees. As pointed out planting ended in 1944. Thus since there was no authority upon which to base a claim for these trees as improvements subject to removal, the judgment of the district court was erroneous.

If it should be contended that the present section 72-240.06, R. R. S. 1943, has the effect of granting retroactively ownership or interest in these trees it becomes difficult to see how the contention could be sustained. These trees became and are a part of the fee and have been since 1944. This court said in State v. Platte Valley Public Power & Irr. Dist., *supra*: "The board under the leasing provisions of the statute is without authority to sell directly or in effect a part of the fee."

This conclusion necessitates a rejection of the pleaded cause of action and a dismissal thereof without passing upon the constitutionality of section 72-240.06, R. R. S. 1943, since nothing is before the court for decision which depends upon its constitutionality. This conclusion conforms to the following which was said in Jessen v. Blackard, 160 Neb. 557, 71 N. W. 2d 100, concerning the duty of the court when a pleaded issue is not on any true basis before the court for consideration: "Under these authorities it is clear that the court has a duty of its own to perform. It may not properly grant relief based upon a statute which is nonexistent or one which has become nonexistent by reason of judicial declaration of unconstitutionality by this court whether the question has been raised by the parties or not." This statement refers to declaration of unconstitutionality as a basis for the pronouncement but of course it has application in any situation where it becomes apparent that the pleaded issue is not before the court for determination.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.