STATE OF NEBRASKA, BOARD OF EDUCATIONAL LANDS AND FUNDS, APPELLANT, v. LINDBERG CARMAN, APPELLEE.

197 N. W. 2d 643

Filed May 12, 1972. No. 38357.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr, Gary L. Loseke, and Kenneth C. Fritzler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court decided that a lessee of common school land possessed a property interest in certain im-

provements placed on the land by his predecessor. The Board of Educational Lands and Funds appeals.

The parties concede the facts as follows: Effective January 1, 1945, Robert Carman obtained a renewal of a lease that he had acquired by assignment in December 1934. The renewal term was 25 years. Lindberg Carman acquired the renewal lease by operation of law upon the death of Robert, his father. At the expiration of the term the board extended the lease to Lindberg on a year-to-year basis.

The improvements in dispute were two houses, a granary, a cattle shed, an open shed, a double corn crib, a well, a cistern, and board and wire fences. The lessee had placed them upon the land after 1934 and prior to 1953 without permission of the board. Lindberg acquired whatever interest Robert possessed.

A lessee of common school land possesses a compensable interest in improvements covered by statute and placed by him or his predecessor in interest on the land prior to September 14, 1953, in accordance with statute, notwithstanding the subsequent determination of unconstitutionality of the statute or the absence of permission from the Board of Educational Lands and Funds. State v. Rosenberger, 187 Neb. 726, 193 N. W. 2d 769 (1972).

The judgment of the district court was correct.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion in this case. I repeat once more what I have said before. I concede the legislative intent to grant rights to lessees in school land improvements, but question its power or the power of this court to grant an interest of any nature in the land.

This case emphasizes what was pointed out in the dissents in Banks v. State (1966), 181 Neb. 106, 147 N. W. 2d 132. The decision would be construed to give a lessee a property interest in the fee at the expense of the real

owners of the fee, the cestui que trust, the public schools of the state. There can be no question this is now the result.

In Propst v. Board of Educational Lands & Funds (1952), 156 Neb. 226, 55 N. W. 2d 653, this court said: "The title to the state school lands was vested in the state upon an express trust for the support of common schools without right or power of the state to use, dispose of, or alienate the lands or any part thereof except as allowed by the Enabling Act and the Constitution."

The problem occurs because the majority of the court construed the legislation permitting lessees to recover from their successor lessees for the value of the improvement to give the lessee an interest against the trust itself. This premise I cannot accept, because the Legislature does not have the power to create interests in the trust property for anyone.

In State ex rel. Ebke v. Board of Educational Lands & Funds (1951), 154 Neb. 244, 47 N. W. 2d 520, this court said: "A trustee acts in a representative capacity and persons dealing with him are bound to be cognizant of his powers. A trustee is required to dispose of trust property upon the most advantageous terms which it is possible for him to secure for the benefit of the cestui que trust whom he represents. *The rule is no different in the leasing of property of a trust estate.*" (Italics supplied.) In that same case, this court said: "The state in acting as a trustee is subject to the same standards, and when its status as a trustee is fixed by the Constitution a violation of its duty as a trustee is a violation of the Constitution itself."

The majority of the court has consistently ignored this court's holding in Blomquist v. Board of Educational Lands & Funds (1960), 170 Neb. 741, 104 N. W. 2d 264: "As a general rule, improvements of a permanent character, made on real estate and attached thereto without consent of the owner of the fee, by one having no title

or interest, become a part of the realty and vest in the owner of the fee as his own property.

"The general rule that improvements which become a part of the real estate may not be removed and do not become the property of the lessee is applicable in the absence of agreement, express or implied, or a statute indicating otherwise."

Blomquist involved trees growing on the land, which are not movable improvements. In Blomquist, referring to the statutory provision which attempted to grant a retroactive interest, this court held the Board was without authority to create an interest in the fee.

Article VII, section 1, Constitution of Nebraska, provides: "The general management of all lands set apart for educational purposes shall be vested, under the direction of the Legislature, in a board of five members to be known as the Board of Educational Lands and Funds." This gives the Legislature the power to direct the general management of the lands, but certainly does not give it the power to authorize the Board of Educational Lands and Funds to permit the acquiring of any interest in the trust property. It is my contention that the State is powerless to gratuitously create liens of any form on public school lands. I contend further that any lessee dealing with the State in its trust capacity is conclusively chargeable with knowledge of the extent of its power.

It seems elementary to me that a strict interpretation must be placed upon all statutes, agreements, and proceedings for the protection of the beneficiaries of our public school lands. This fact has been consistently ignored since Banks v. State, *supra*. I reiterate that I cannot agree with any opinion which grants lessees any lands benefits as against the trust, for the simple reason that the Legislature and this court are without power to create or grant such benefits.

What I said in my dissent in Banks v. State, *supra*,

and in State v. Rosenberger (1972), 187 Neb. 726, 193 N. W. 2d 769, is equally applicable herein.

I am authorized to state that White, C. J., and Newton, J., join in this dissent.