IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, A. D. 1891.

PRESENT:

Hon. AMASA COBB, Chief Justice.
"     SAMUEL MAXWELL,  } Judges.
"     T. L. NORVAL,

## State, ex rel. C. M. Brown, v. A. J. McPeak.

[Filed January 6, 1891.]

1. **Contracts**: Impairing Obligation Of: School Lands: Appraisement. Under the act of 1879 the statute and leases made in pursuance thereof declared "that the lessee will pay for the use of said lands the annual rate of not less than six per cent per annum upon the appraised value thereof; that at the expiration of five years from the date of the lease, and every five years thereafter, the land shall be appraised by three persons, one of whom shall be appointed by the county clerk, one by the lessee, and the third by the other two, and that the valuation made by such appraisers shall (provided it be not less than the former appraisement) be the basis for the rental for the five years succeeding the next first day of January." *Held*, That this being the contract authorized by statute, the legislature could not deprive the lessee of the right to select an arbitrator

(139)

to act in conjunction with one selected by the state to appraise the rental value of the land for the suceeeding five years.

2. ———: ———. While the legislature may change or modify the remedy it cannot, by a direct act, deprive the party of a substantial contract right.

ORIGINAL application for *mandamus*.

*Robert Ryan*, for relators, cited, contending that the act of 1883 impaired the obligation of contracts : *Fletcher v. Peck*, 6 Cranch [U. S.]; 87–136 ; *Davis v. Gray*, 16 Wall. [U. S.], 203 ; *Dikeman v. Dikeman*, 11 Paige Ch. [N. Y.], 484 ; *Goenen v. Schroeder*, 8 Minn., 387 ; *Greenfield v. Dorris*, 1 Sneed [Tenn.], 548 ; *Robinson v. Howe*, 13 Wis., 385 ; *Coffman v. Bank of Ky.*, 90 Am. Dec., 313.

*William Leese, Attorney General, contra*, cited : Cooley, Const. Lim., sec. 286 ; *Jones v. Davis*, 6 Neb., 36 ; *Marion v. State*, 20 Id., 249 ; *Atkins v. Atkins*, 18 Id., 477 ; *State v. Scott*, 17 Id., 690.

MAXWELL, J.

The relators are the owners and assignees of a certain school land lease made September 12, 1882, and thereunder are in possession and occupancy of the east half and southwest quarter and northeast quarter of northwest quarter of section 36, township 4 north, range 25 west, 6th P. M., said land being situate in Furnas county, Nebraska. By the terms of this lease the following provisions were made:

"The said lessee shall and will pay promptly semi-annually, in advance, on the first day of January and July in each year, to the county treasurer of said county of Furnas for the use of said lands, the full annual rate of six per cent upon the aforesaid appraised value of said lands; and that he shall in like manner pay semi-annually, in advance, the annual rate of six per cent upon the appraised

value of said land; and that he shall in like manner pay
semi-annually, in advance, the annual rate of six per cent
upon the appraised value of said lands, which shall here-
after be made; that he will not commit any waste or spoil
in or upon said lands; that at the expiration of five years
from the date hereof, and every five years thereafter, the
said lands shall be appraised by three persons, one thereof
to be appointed by the county clerk of said county afore-
said, one by the lessse, and the other to be appointed by
the appraisers who shall be appointed as aforesaid, and
that the valuation made by the said appraisers at the re-
spective times aforesaid shall (provided it be not less than
the appraisement first above stated) be the basis of the
rental for the next succeeding five years after each such
appraisement," etc.

The above provisions were in strict accordance with those
of the statute in force at the time said lease was made, as
contained in section 2, page 111, of the act of 1879, being
section 19, ch. 80, Comp. Stats., 1881, as follows: "That
the lessee will pay for the use of said lands the annual rate
of not less than six per cent per annum, upon the appraised
value thereof; that at the expiration of five years from the
date of the lease, and every five years thereafter, the land
shall be appraised by three persons, one of whom shall be
appointed by the county clerk, one by the lessee, and the
third by the other two, and that the valuation made by
such appraisers shall (provided it be not less than the former
appraisement) be the basis for the rental for the five years
succeeding the next first day of January." There has been
no appraisement at the end of the first five years (1887),
as provided above, and the state authorities refuse to per-
mit the appraisers to be chosen as prescribed in the lease
and statute above set forth.

The relators insist that the above provisions are binding,
and are not subject to modification or revocation by the
state authorities in the absence of default upon their part.

The commissioner of public lands and buildings, on July 1, 1890, notified the relators that the board of public lands and funds of the state, unless payments were made within six months from that date, would declare forfeited the said lease as to the east half of section 36, township 4, range 25. The relators thereupon, as to said east half of section 36, township 4, range 25, made a tender as follows:

"I, A. J. McPeak, treasurer of Furnas county, Nebraska, do hereby acknowledge that Clinton M. Brown and Louis E. Pierrepont, by their agent, E. W. Lewis, have, the 27th day of September, 1890, tendered to me the sum of $55.19, being the amount now due from them as interest and costs on school land lease of the east half of section 36, township 4 north, of range 25 west of the 6th P. M., in Furnas county, Nebraska, under the original appraisement, and I hereby refuse to accept the same and issue a receipt accordingly, for the sole and only reason that an appraisement of said land was made at $2,000 by the county commissioners on the 1st day of July, 1889.

"A. J. McPeak,
"*County Treasurer.*

"Witness: E. W. Lewis."

It will be observed that under the statute of 1879, the statute, and also the lease in pursuance thereof, provided that at the expiration of five years from the date of the lease, and every five years thereafter [during its continuance], the land should be appraised by three persons, one of whom should be appointed by the county clerk, one by the lessee, and the third by the other two, and that the valuation made by such appraisers shall, if not less than the former appraisement, be the basis for the rental for the five years next succeeding first day of January, etc. In passing the act the legislature recognized the fact that lessees of school land had an interest therein which continued during the existence of the lease. It was assumed, apparently, that the rental value would continue to increase, hence the

lands must be reappraised every five years. In this reappraisement the lessee was given an opportunity to select a person as representative of his interest; the state to be represented by such person as the statute should authorize. No doubt the state may change the law by providing who shall represent it as arbitrator in fixing the amount of such reappraisement, as such change in the law applies merely to the remedy. The state, however, having expressly stipulated that the lessee should have the right to choose an arbitrator, cannot, during the existence of such lease, deprive him or his assignee of the right. This is a right arising under the contract which may be indispensable to protect his interest. It is not a law affecting the remedy or mode of enforcing the contract, which is clearly within the control of the legislature. (*Jones v. Davis*, 6 Neb., 37; *Morse v. Goold*, 1 Kern., 281; *Von Baumbauch v. Bade*, 9 Wis., 510; *Walter v. Bacon*, 8 Mass., 498; *State v. Scott*, 17 Neb., 686.)

The well-known rule is, that the remedy may be modified in such way as the legislature may deem just and reasonable. (Cooley's Constitutional Limitations, p. 347, note 2; *Sturges v. Crowninshield*, 4 Wheat., 122, 200, per Marshall, Ch. J.; *Ward v. Farwell*, 97 Ill., 593.) In note 2, page 347, it is said: "A statute allowing the defense of want of consideration in a sealed instrument previously given does not violate the obligation of contracts. (*Williams v. Haines*, 27 Ia., 251. See further, *Parsons v. Casey*, 28 Id., 431; *Curtis v. Whitney*, 13 Wall., 68; *Cook v. Gregg*, 46 N. Y., 439.) Right accruing under stipulation in a note to waive process and confess judgment may be taken away. (*Worsham v. Stevens*, 66 Tex., 89.) A statutory judgment lien may be taken away. (*Watson v. New York Central R. Co.*, 47 N. Y., 157; *Woodbury v. Grimes*, 1 Col., 100; contra, *Gunn v. Barry*, 15 Wall., 610.)"

The statute of 1883 did not attempt to modify the act

of 1879 by changing the person to be selected by the state as appraiser, but sought to deprive the lessee of the right of selecting an appraiser. This the state could not do without violating its contract with the lessees, and to that extent the statute is void as to contracts then existing under the act of 1879. No doubt the lessee may waive his right to select an appraiser, and he will be deemed to have done so unless he objects to the appraisement made under the act of 1883. The relator, however, does not appear to have waived any rights in the premises, and is therefore entitled to the relief sought.

A peremptory writ of *mandamus* will issue as prayed for in the petition.

WRIT ALLOWED.

THE other judges concur.