GEORGE H. McCOLLUM, APPELLEE, v. CENTRAL GRANARIES COMPANY, APPELLANT.

FILED DECEMBER 23, 1909. No. 15,872.

Appeal: NEW TRIAL: CONFLICTING EVIDENCE. Where conflicting testimony has been fairly submitted to a jury in an action at law, a new trial will not be granted if there is evidence sufficient to sustain the verdict, although this court might have found otherwise from a consideration of all of the evidence.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Hall, Woods & Pound* and *Keester & Myers,* for appellant.

*J. G. Thompson* and *John Everson, contra.*

ROOT, J. .

This is an action for the reasonable value of wheat sold and delivered by plaintiff to defendant. Defendant asks judgment for plaintiff's alleged failure to deliver 1,800 bushels of wheat. There was judgment for plaintiff, and defendant appeals.

The pleadings are somewhat inartificial; but, in substance, defendant contends that it made an oral contract with plaintiff for the purchase of 1,700 to 2,000 bushels of wheat, two wagon-loads whereof were delivered, whereby the transaction was taken without the statute of frauds. Plaintiff asserts that no specific contract was made between the parties hereto, but that he merely asked defendant's agent what defendant was paying for wheat, and informed him that the witness had about 2,000 bushels of said grain which he intended to market. Plaintiff further alleges that he sold defendant two wagon-loads of wheat on the market, without reference to any specific agreement.

1. It is strenuously urged that the verdict is not sustained by the evidence. Plaintiff and defendant's agent, Mr. Whittaker, each gave his version of what was said and done at their conference, and it is impossible to reconcile their testimony. Some corroborating circumstances appear in support of each witness, and it may be fairly said that defendant produced more relevant evidence than did the plaintiff. The jury, however, believed the plaintiff, and he is not so strongly impeached

as to justify us in rejecting his testimony. It is true, as urged, that plaintiff does not directly contradict some important testimony given by Mr. Whittaker and corroborated by the witness Mussleman, but, if plaintiff's testimony concerning the transaction is correct, Whittaker's is not, and there is a contradiction in effect, if not in terms.

2. The court committed no error in refusing to give instruction numbered 1 requested by defendant. The issue was whether a contract had been made, not whether a reasonable person might consider from plaintiff's conduct that a contract had been entered into.

There is no error in the record prejudicial to defendant, and the judgment of the district court is

AFFIRMED.