JOHN W. TOWLE, APPELLANT, v. ADAM MORRELL ET AL., APPELLEES.

FILED JULY 9, 1935. No. 29151.

*Clarence T. Spier* and *Arthur C. Bailey,* for appellant.

*William Baird & Sons, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity for the interpretation of a 99-year lease and for a declaratory judgment determining the right of plaintiff as assignee to assign the north 40 feet, approximately half, of his leasehold estate without liability for future rent therefor. Plaintiff invokes this relief under the declaratory judgment act. Comp. St. 1929, secs. 20-21,140 to 20-21,155.

The demised real estate is situated at Twenty-fourth and Douglas streets, Omaha, with 93 feet fronting east on Twenty-fourth street and extending west 160 feet to an alley. The property was unimproved when leased. The lease was dated March 31, 1919. For the 5-year period beginning April 1, 1919, the agreed annual rental was $3,800 and for the remainder of the term $4,000 annually. The lease contained provisions for semiannual payments

of the rent and for restoring the premises to lessors upon breach of covenant on the part of lessee or assigns; required payment of taxes and assessments and the discharge of liabilities for water, gas and electric light; obligated lessee to carry insurance on improvements subsequently made; forbade waste; prohibited the use of the premises for a nuisance or for any other unlawful purpose. Other terms generally found in 99-year leases were also inserted. In connection with the entire lease, the provisions on which the litigants disagree are as follows:

"It is covenanted and agreed that the lessee, her heirs or assigns, may assign her interest in this lease and premises herein described to any responsible person, persons, or corporation, provided that all rents, taxes, assessments, insurance and all other charges of every kind shall be paid to the date of such assignment and all covenants and agreements herein contained to be kept by the lessee shall be fully complied with at that time; Provided, that in the event of such sale or assignment of said lease, the same shall be evidenced in writing duly executed and acknowledged by the assignor and assignee and recorded in the office of the register of deeds of Douglas county, Nebraska, whereupon and whereby the assignee shall expressly accept and assume all the terms and covenants in this agreement contained to be kept and performed by the lessee.

"Provided further that shall said assignment be made prior to the erection of new or additional improvements of value of not less than twenty-five thousand dollars ($25,-000), said assignor shall be released and discharged from her lease and obligation hereby created when such new improvements or additions of value of not less than the sum of twenty-five thousand dollars ($25,000) have been fully erected and paid for and all other terms of the lease complied with by the lessee to that time, or upon obtaining the consent in writing of the lessors to such assignment, and such consent shall not be unreasonably or arbitrarily withheld.

"Provided further that shall said assignment be made

after the erection of new or additional improvements on said premises of value of not less than the sum of twenty-five thousand dollars ($25,000), the assignor shall be forever released and discharged from her lease and obligation hereby created.

"No provision of this lease shall be construed in any way or manner to prevent or prohibit the lessee from subletting said premises, or any part thereof, to be used for any purpose authorized under the former provisions of this lease."

The owners of the fee, lessors, were Adam Morrell and Mary Morrell, defendants. The original lessee was Rose C. Gentleman who assigned the lease to Ernest Sweet April 1, 1919. Sweet assigned the lease to John W. Towle, plaintiff, January 13, 1926. Prior thereto Sweet improved the premises at a cost of $29,000 by constructing thereon a one-story building consisting of four separate store rooms, each 20 feet wide, fronting east on Twenty-fourth street, with the entrance therefrom. May 21, 1927, Towle assigned to the "Dutch Cleaners, Incorporated," approximately a half interest in the lease or the north 40 feet of the leasehold estate, including two of the separate store rooms. Thereafter, the Dutch Cleaners, Towle's assignee, further improved the assigned north 40 feet by constructing another story on that part of the building and a cleaning and boiler-room in the rear, all at an expense of $12,000.

Lessors, defendants, received from the Dutch Cleaners rents for the north 40 feet of the leasehold estate for five years after Towle assigned that portion of it and surrendered possession thereof to his assignee.

The position of Towle, plaintiff, is that the lease, properly interpreted, permitted the division of the leasehold estate for the purpose of the assignment of the north 40 feet, a severable portion for commercial and industrial uses, since there was no contractual or statutory provision to the contrary.

Lessors, defendants, confidently assert that the lease deals with the demised premises as an entirety and that

there was no authorized division of it for the purpose of a partial assignment.

On this phase of the case the district court entered a decree in favor of defendants. John W. Towle, plaintiff, appealed.

Under a 99-year lease of land, lessee has an interest in the real estate and therefore the lease, in the event of a controversy with lessors over the extent of rights granted, must be construed according to the statutory rule which requires the courts "to carry into effect the true interest (intent) of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is consistent with the rules of law." Comp. St. 1929, sec. 76-109. The rule, generally, would be the same in absence of the statute.

The parties obviously intended improvement of the property for commercial and industrial purposes. With that end in view a building consisting of four separate store rooms was constructed, each with its own entrance. Continued occupancy of the entire property by the same lessee or tenant for 99 years was of course never contemplated by the contracting parties. The property interests acquired under the lease were subject to sale as shown by the provisions quoted. The law is that the lessee and those succeeding to her rights cannot by contract, independently of lessors, destroy or encumber the reversion. 35 C. J. 975. This principle, however, does not, in absence of statutory or contractual restrictions, prevent lessee from assigning the lease. 35 C. J. 976. The restrictions on the right to assign the term or the leasehold estate are such as are imposed by or implied from the lease.

In the present instance the right of assignment and of release from liability for future rent is specifically recognized on conditions stated in the lease. Subletting for any authorized purpose is permitted. There was no specific restriction to prevent Towle, the owner of the entire lease, from transferring the north 40 feet of the leasehold estate, a reasonably severable portion, to a responsible assignee.

Ownership of and dominion over the estate granted by the lease included that right in absence of a restriction expressed or implied. The evidence does not show that the assignment impaired the reversion or that Towle's assignee was not responsible within the meaning of the lease when the assignment was made or that the north 40 feet was not separately adapted to the commercial and industrial purposes for which it was improved and used or that the division for the purposes of the assignment was fraudulent, unreasonable, unfair or inequitable. It is a fair inference from the evidence that the Towle assignment was at the time made in perfect good faith in the exercise of good business judgment. A careful annotator who collected and reviewed authorities said:

"It is settled by an unbroken line of authority both in England and in this country, that, as the liability of the assignee of a lease to the lessor rests, in the absence of assumption of the provisions of the lease, on privity of estate, and not of contract, and as an assignment of the lease by the assignee terminates such privity of estate, he may, in the absence of fraud against the lessor, assign the lease at any time and thereby (at least when the assignment is accompanied by relinquishment of possession or beneficial enjoyment) his liability to the lessor for rent subsequently accruing will be terminated." 89 A. L. R. 433.

The lease authorized the assignment of the term or the entire leasehold estate, and relieved assignee from liability for subsequently accruing rents upon conditions which have been performed. There is no statutory or contractual restrictions against an assignment of half the improved premises for the unexpired term. Is an assignment *pro tanto* recognized by law? A leading law text on Landlord and Tenant contains the following statement:

"According to the weight of authority, there is an assignment *pro tanto* where the lessee transfers his interest in a part of the premises for the entire term, and the person to whom such an interest is conveyed becomes an as-

signee of the term with all the rights and liabilities incident to such a position." 35 C. J. 989.

The supreme court of Illinois ruled as follows:

"Where several persons hold the entire interest of the original lessee of premises, not as joint purchasers, but by separate deeds of assignment, each of them an undivided interest, they are not jointly liable to the lessor for the whole rent, but each assignee is severally liable for a part only according to his interest in the premises as compared with the whole interest under the lease." *Babcock v. Scoville*, 56 Ill. 461.

Assent of lessor to an assignment *pro tanto* may be implied from circumstances. *Lodge v. White*, 30 Ohio St. 569. In the present instance the addition of a second story on the assigned portion of the leased premises and other improvements at an expense of $12,000 increased the value of the fee or of the reversion and were inducements to lessors to consent to the assignment *pro tanto*. There is no evidence that at the time of the transfer, or while rents were being paid by assignee, that the corporation called "Dutch Cleaners" was not a responsible assignee or that lessors objected to the transaction. The acceptance of rents from the assignee for a period of five years in connection with other circumstances implied assent of lessors to Towle's assignment. Each of the two severable parts of the entire leasehold estate is adapted to commercial or industrial purposes for which it has been improved and used by different assignees. Towle's assignment does not seem to be inconsistent with any rule of law.

In harmony with these views, the cause is remanded, with directions to the district court to modify the decree below by adjudging the assignment of Towle valid with the effect of releasing him from liability for subsequently accruing rents for the north 40 feet of the leasehold estate for the unexpired term of the lease.

REMANDED FOR MODIFICATION OF DECREE.