JERRY TODD ET AL., APPELLANTS, V. BOARD OF EDUCATIONAL
LANDS AND FUNDS OF THE STATE OF NEBRASKA, ET AL.,
APPELLEES.

48 N. W. 2d 706

Filed July 10, 1951.    No. 33002.

*Henry W. Curtis,* for appellants.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for a declaratory judgment in which appellants seek to have their rights determined and enforced relative to a school land lease made to Jerry Todd and by him sold and assigned to C. C. Maxted, and his rights because of his application to the Board of Educational Lands and Funds for a renewal of the lease to him. A general demurrer of appellees to the petition of appellants was sustained. They elected not to plead further, and a judgment of dismissal resulted.

The substance of the petition is that: Jerry Todd was the owner of a school land lease of a section of land in Kimball County, the term of which expired on December 31, 1949. In October 1948, he contracted to sell and assign it to C. C. Maxted for $12,000.00. Todd agreed to make an assignment of the lease to Maxted and to join in an application to the Board of Educational Lands and Funds for an approval by it of the assignment. On or about September 14, 1949, Todd executed an assignment of the lease to Maxted. He, by endorsement thereon, accepted it, and Todd made an application to the board to assign the lease. Maxted executed an application to the board for approval of the assignment and an application for a renewal of the lease to him. These instruments were on forms furnished by the board and were delivered to the secretary of the board on September 16, 1949. The board at its meeting on November 14, 1949, ordered that unless Todd made payment to

it of $6,000.00, one-half of the consideration for the assignment of the lease, not later than December 1, 1949, the lease would be advertised for sale at public auction, as provided by law. Appellants allege Legislative Bill 490, appearing as Laws 1949, Chapter 212, and especially section 8 thereof, is not applicable to the lease and assignment described, and if intended to apply thereto, is retrospective in operation, invalid, and unconstitutional because it violates federal and state constitutional mandates and prohibitions. The ultimate relief sought was a declaration of the rights and obligations of the parties and a decree compelling the board to approve the assignment of the lease and to issue to C. C. Maxted a renewal lease of the land for a new term commencing January 1, 1950.

Counsel, during the argument and in the printed discussion of the case, referred to a stipulation of the parties. A purported copy of it is exhibited by the transcript. Its appearance therein is without authority of law and it may not be noticed on this appeal. The procedure for presenting such an instrument to this court for its consideration is by identification, introduction in evidence, and preservation thereof in a bill of exceptions. State Ins. Co. v. Buckstaff Bros. Mfg. Co., 47 Neb. 1, 66 N. W. 27; Younie v. Specht, 99 Neb. 621, 157 N. W. 336; Prokop v. Mlady, 136 Neb. 644, 287 N. W. 55. This appeal presents for determination the correctness of the ruling of the district court on the demurrer to the petition and the judgment of dismissal of the case. In passing on a demurrer, only the allegations of fact in the pleading to which it is directed may be considered. The court must accept the facts as asserted therein and may not notice extrinsic matters in determining whether the pleading states a cause of action or defense. The court may not look beyond the pleading against which the demurrer is directed. Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874.

The pertinent provision concerning an assignment of

a school land lease existing at the time the lease involved in this case was made was that: "No assignment of a school land lease * * * shall be valid until recorded in the office of the commissioner of public lands and buildings and shall not be eligible to such record if there are any payments of interest or rental due at the time the assignment is offered for record." Laws 1923, c. 60, § 1, p. 183, appearing as § 72-220, Comp. St. 1929. The Commissioner of Public Lands and Buildings was eliminated as a constitutional executive officer of the state by constitutional amendment effective December 15, 1936. Swanson v. State, 132 Neb. 82, 271 N. W. 264. The office of Commissioner of Public Lands and Buildings was abolished, and all the rights, powers, and duties thereof, except as custodian of the Nebraska State Capitol, were transferred and delegated to the Board of Educational Lands and Funds by act of the Legislature approved May 13, 1937. Laws 1937, c. 160, p. 624.

The single fact specified therein affecting the eligibility of the assignment of a lease for record was existing default in the payment of some amount required by the lease at the time the assignment was tendered for record. If there was then a default, an assignment could not be lawfully recorded, and if there was not, there was no discretion vested in anyone to refuse to record an assignment when tendered for record. This provision was essentially a recording act, the purpose of which was to give information and notice as to the identity of the owner of the lease. It was for the protection and convenience of the state. In State ex rel. Johnson v. Commercial State Bank, 142 Neb. 752, 7 N. W. 2d 654, it was decided that: "Assignments of school-land leases are permitted, but in order to be effective against the state the state must be informed of them in the manner which the statute prescribes. Langan v. Binfield, 49 Neb. 857, 69 N. W. 123; Hile v. Troupe, 77 Neb. 199, 109 N. W. 218. As between the parties, therefore, the assignment of the school-land lease to Smith, after the payment of the

loan, was valid, although, in the event of default, the state could enforce the remedies contained in the statute without regard to such assignment."

The quoted provision of the statute existed from 1899 to 1947 without change. Laws 1899, c. 69, § 18, p. 310, appearing as § 72-241, R. S. 1943. There was during that period no statutory prohibition and no other condition of an assignment of a school land lease. In the absence of statutory or contractual restrictions, a lease for a definite term may be assigned by the lessee without the consent of the lessor. Towle v. Morrell, 129 Neb. 398, 261 N. W. 827; Annotation, 70 A. L. R. 486; Annotation, 23 A. L. R. 135; 32 Am. Jur., Landlord and Tenant, § 319, p. 293.

This is true of a lease made by the state. It, by entering into a contract, abandons its attributes of sovereignty and binds itself, to the extent of its power to contract, substantially as an individual does when he makes a contract. The state may not impair any of the substantial rights secured by its contract to a citizen with whom it contracts. Poindexter v. Greenhow, 114 U. S. 270, 29 L. Ed. 185, 5 S. Ct. 903; Carr v. State ex rel. Coetlosquet, 127 Ind. 204, 26 N. E. 778, 11 L. R. A. 370, 22 Am. S. R. 624; Woodruff v. Trapnall, 10 Howard 190, 13 L. Ed. 383; 12 Am. Jur., Constitutional Law, § 400, p. 32.

The insertion in the act of 1947 of the provisions that "No lease shall be sublet or assigned without the written approval of the board" (§ 72-233, R. R. S. 1943) and "* * * that the lessee shall not sublease or otherwise dispose of said lands without the written consent of the board * * *" (§ 72-234, R. R. S. 1943) directly and strongly supports the meaning ascribed herein to the provision concerning the assignment of a school land lease as it was before that act was passed.

The Board of Educational Lands and Funds in leasing school land is limited by the authority granted it by the Legislature. It has no other power. The law on the

subject in force at the time of the execution of a lease is a part thereof and determines the rights of the lessee. A lease made in compliance with the direction and permission of the Legislature between the state and the lessee is a contract and is property. The rights resulting from the contract vest on its execution and delivery. The state may not subsequently by legislation deprive the lessee of any substantial right secured to him by the lease. Constitutional guaranties and prohibitions safeguard it. These include the mandate that no state shall deprive any person of property without due process of law; no state shall enact any law impairing the obligations of a contract; and the property of no person shall be taken or damaged for public use without compensation. State v. Platte Valley Public Power & Irrigation Dist., 147 Neb. 289, 23 N. W. 2d 300, 166 A. L. R. 1196; Reavis v. State, 140 Neb. 442, 300 N. W. 344; Stanser v. Cather, 85 Neb. 305, 123 N. W. 316; Hile v. Troupe, *supra;* State ex rel. Patterson v. Wenzel, 55 Neb. 210, 75 N. W. 579; State ex rel. Beer v. Thayer, 46 Neb. 137, 64 N. W. 700; State ex rel. Brown v. McPeak, 31 Neb. 139, 47 N. W. 691.

The right to dispose of property is substantial and valuable. It is incidental to and inheres in the constitutional right to acquire and own property. It may not be impaired or defeated by legislation after the right has vested. To take from property one of its elements of value and deny the owner the right to sell or transfer it in any legitimate manner is as much a deprivation of property as if the physical property itself were taken. In State ex rel. English v. Ruback, 135 Neb. 335, 281 N. W. 607, it is observed that: "The constitutional guaranties of our Bill of Rights contemplate that every person legally possesses the right of acquiring the absolute and unqualified title to every species of property recognized by law, with all rights incidental thereto, and, in connection with the right of personal liberty, it includes the right to dispose of such property in such innocent

manner as he pleases, and to sell it at such price as he can obtain in fair barter." See, also, Nelsen v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729; Bank v. Divine Grocery Co., 97 Tenn. 603, 37 S. W. 390, 34 L. R. A. 445.

When the lease was made the lessee was assured by the state the right to dispose of it and to have the assignment thereof recorded in the office and records of the Commissioner of Public Lands and Buildings, if the lessee was not in default of some payment to the state required of him by the lease at the time the assignment was tendered for record. The state could not and did not detract from or destroy that right by subsequent legislation. Hile v. Troupe, *supra;* School District of Omaha v. Adams, 151 Neb. 741, 39 N. W. 2d 550. There is nothing in the act of 1947 or the act of 1949 to indicate the provisions relating to assignment of school land leases were intended to affect existing leases. In any event, such intention is not "clearly disclosed." Appellants were and are entitled to have the assignment of school land lease No. 62460, made by Jerry Todd to C. C. Maxted and by him accepted, recorded in the office and records of the Board of Educational Lands and Funds as of the 14th day of November 1949.

Appellant C. C. Maxted was not entitled to have issued to him by the Board of Educational Lands and Funds a renewal of the lease assigned to him by Todd or a new lease of the land described in it. The sections of the statute providing this method of leasing school land have been determined to be invalid. State ex rel. Ebke v. Board of Educational Lands and Funds, *ante* p. 244, 47 N. W. 2d 520.

The judgment herein should be and is reversed, and the district court of Lancaster County should be and is directed to enter a judgment in this case setting aside and vacating the order of the Board of Educational Lands and Funds of November 14, 1949, in reference to lease No. 62460 set forth in the petition herein, and

requiring the Board of Educational Lands and Funds and Henry H. Bartling as secretary of the board, appellees, to accept and record in the office and records of the board as of November 14, 1949, the assignment of the school land lease No. 62460 made by Jerry Todd to C. C. Maxted, and to do all things necessary to make the records of the board recite and show that he, as assignee of Jerry Todd, is the owner of the lease.

REVERSED AND REMANDED WITH DIRECTIONS.