MORRIS JESSEN ET AL., APPELLEES, V. MARY BEARD
BLACKARD, TRUSTEE, APPELLANT.

71 N. W. 2d 100

Filed June 17, 1955.   No. 33566.

*Torgeson, Halcomb & O'Brien,* for appellant.

*Clarence M. Miller* and *Robert A. Nelson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

In this case an opinion was previously adopted which appears at 159 Neb. 103, 65 N. W. 2d 345. After rehearing and on further consideration it has been concluded that the determination therein is incorrect. The opinion is therefore withdrawn.

The action, as it comes to this court, is by Morris Jessen and Ilse Jessen, plaintiffs and appellees, against Mary Beard Blackard, Trustee, defendant and appellant, to recover damages in the amount of $50,000 for conversion of a crop of wheat grown and harvested by de-

fendant on described school lands of which the defendant had been lessee and of which the plaintiffs were at the time lessees. In the action the defendant filed a cross-petition in which she claimed a right of recovery of money against the plaintiffs on account of their failure to pay the appraised value of improvements on the land which belonged to the defendant. Issues were joined on the petition and cross-petition and a trial was had to the court, a jury having been waived.

At the conclusion of the trial a judgment was rendered in favor of plaintiffs and against the defendant, including interest, in the amount of $20,253.71, and costs.

A motion for new trial was duly filed and overruled after which the defendant appealed from the judgment and the ruling on the motion.

There are numerous assignments of error as grounds for reversal but the question which is basic in the determination of this appeal is that of ownership of improvements placed on school lands by a lessee which remain thereon after the lands have been leased by the Board of Educational Lands and Funds to a later lessee and which have not been paid for by the later lessee, and as incidents of this the questions of whether or not plaintiffs were entitled to the judgment in their favor, and whether or not the defendant was entitled to a judgment on her cross-petition.

The pertinent facts upon which the adjudication must depend are not in substantial dispute. They are as follows: The defendant had been the owner of a school land lease on the lands in question which expired on December 31, 1950. On July 11, 1950, she applied for a new lease. Pursuant to the application she was granted a new lease for 12 years with the term beginning January 1, 1951. This lease was ineffective. It was ineffective for the reason that the statute under which it was issued was declared unconstitutional by the decision of this court rendered in State ex rel. Ebke v. Board of Educational Lands & Funds, 154 Neb. 244,

47 N. W. 2d 520. On August 27, 1951, the defendant was notified that her lease was void and that it had been cancelled. Thereafter, but before a new lease was issued upon the lands, the defendant summer-fallowed the land and planted winter wheat thereon. On the 3rd, 10th, and 17th of April 1952, notice was published that a lease on the land would be sold at public auction on April 25, 1952. The sale was held and the plaintiffs made the highest bid. On that date the plaintiffs made application for lease in accordance with their bid and paid their bid, a lease fee, and the rental for the year beginning January 1, 1952, and ending December 31, 1952. In the application which was in writing the plaintiffs agreed to pay for the improvements as provided by law. Thereafter on April 28, 1952, a lease was issued to the plaintiffs for a 12-year period beginning as of January 1, 1952.

On June 13, 1952, no appraisement having been made of improvements on the land and no payment having been made therefor by plaintiffs, the defendant requested that an appraisement be made. In response thereto the county commissioners did on June 24, 1952, make an appraisement. The wheat crop was appraised at $53,750. From this was deducted as costs of harvesting $3,750 leaving a net appraisement of wheat of $50,000. The other improvements were valued at $1,526. From the total net appraisment of $51,526 they deducted $7,500 for insurance. In this wise the net value of improvements was fixed at $44,026. By stipulation evidence was adduced that the wheat which had been planted on the land was of the value of $7,500 as of January 1, 1952. This was objected to by the defendant on the ground that it was irrelevant, immaterial, incompetent, and not in proof of any issue in the case.

The plaintiffs not having paid or tendered payment in accordance with the appraisement, the defendant on July 11, 1952, proceeded to and did harvest the wheat. She harvested 14,853 bushels and 20 pounds of No. 2

wheat which she sold at the market price of $1.89 a bushel receiving therefor $28,072.80. After deducting the cost of harvesting she had net $23,682.20.

On July 17, 1952, still without having paid or tendered payment for improvements, plaintiffs demanded delivery by August 1, 1952, of 25,000 bushels of No. 1 wheat and a bill of sale of all improvements listed in the appraisement whereupon they offered to pay to defendant $44,026, the appraised value of wheat, plus $3,750 which the defendant had paid, for harvesting the wheat crop. Apparently the defendant failed to respond to this offer. On August 4, 1952, plaintiffs paid to the county treasurer for the benefit of defendant $1,526, that being the appraised value of all improvements except the wheat. There is no information as to whether or not the defendant accepted this $1,526.

The claim of plaintiffs by their petition is for the reasonable value of the wheat which was harvested by the defendant. There is no offer or tender of set-off against this value of the amount of the appraisement.

The defendant by answer denied the claim of plaintiffs. By her answer and cross-petition she asserted substantially that she was entitled to receive payment pursuant to the terms of the appraisement. The response of plaintiffs to this was a general denial.

It appears that all points necessary to be considered in the determination of the rights of parties under both the action and the cross-action inhere in and flow from the question of whether or not the plaintiffs under the facts and applicable law may maintain their action for conversion.

A premise pertinent in this determination is that after her lease was invalidated the defendant became a tenant at sufferance. State v. Cooley, 156 Neb. 330, 56 N. W. 2d 129; Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508.

Another premise is that being a tenant at sufferance on the land in question she was the owner of the crops

which she had planted thereon. Sornberger v. Berggren, 20 Neb. 399, 30 N. W. 413; Monday v. O'Neil, 44 Neb. 724, 63 N. W. 32, 48 Am. S. R. 760.

The plaintiffs' cause of action is based on their interpretation of section 72-240.06, R. R. S. 1943. Their substantial theory is that by virtue of this section when they obtained their lease they acquired title to wheat growing on the land and on this basis the action was instituted.

The defendant's cross-action is based on her interpretation of this same section. Her substantial theory is that when the plaintiffs acquired their lease they were entitled to the crops for which they were obligated to pay pursuant to appraisal made agreeable to the terms of section 72-240.06, R. R. S. 1943, and that in the interest of good husbandry she harvested the wheat and marketed it at the best price obtainable.

At this point it should be observed that neither party at any point in the proceedings, until the case came to this court on rehearing, raised the question of the constitutionality of section 72-240.06, R. R. S. 1943. It was presented on rehearing by the plaintiffs.

Section 72-240.06, R. R. S. 1943, by its terms, defines improvements on school lands, it provides for appraisement of improvements, it effectually obligates a new lessee to pay the amount of the appraisement, and also it effectually obligates the old lessee to surrender to the new lessee the improvements and to accept the appraisement as compensation therefor.

In Watkins v. Dodson, *supra*, this court declared this section unconstitutional on the ground that its effect was to permit the taking of private property without due process of law. That case, like this, was one where a new tenant on school lands was seeking to recover for crops which had been harvested by the old tenant.

A recovery was denied and the statutory provision was declared unconstitutional for the reason that in the provision for appraisement no opportunity was afforded

the old lessee to appear and be heard by testimony or otherwise with regard to the appraisement of the property to be taken from him.

The point here however is not the reason why the provision was declared unconstitutional but that it was declared unconstitutional. It having been declared unconstitutional it is nonexistent.

In Board of Educational Lands & Funds v. Gillett, 158 Neb. 558, 64 N. W. 2d 105, it was said: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; and it is, in legal contemplation, as inoperative as though it had never been passed."

In that case it was also said: "An interpretation given to a statutory or constitutional provision by the court of last resort becomes a standard to be applied in all cases, and is binding upon all departments of government, including the Legislature."

In Propst v. Board of Educational Lands & Funds, 156 Neb. 226, 55 N. W. 2d 653, certiorari denied 346 U. S. 823, 74 S. Ct. 39, 98 L. Ed. 348, it was said: "The law of this state has always been that an unconstitutional statute is a nullity, is void from its enactment, and is incapable of creating any rights or obligations." See, also, Finders v. Bodle, 58 Neb. 57, 78 N. W. 480; Whetstone v. Slonaker, 110 Neb. 343, 193 N. W. 749; Lennox v. Housing Authority of City of Omaha, 137 Neb. 582, 290 N. W. 451.

Under these authorities it is clear that the court has a duty of its own to perform. It may not properly grant relief based upon a statute which is nonexistent or one which has become nonexistent by reason of judicial declaration of unconstitutionality by this court whether the question has been raised by the parties or not. In the instance of previous declaration of unconstitutionality this court will take notice of its own judgment and opinion.

We hold that this principle is applicable to the case

at bar since it was not finally disposed of before the declaration of unconstitutionality of the statutory provision in question.

Effects of this are that there was no statutory definition of improvements on school lands; that there was no provision for appraisement of improvements on school lands; that there was no requirement that a new lessee on school lands should take or pay for improvements of a former lessee on school lands; and that there was no requirement that the old lessee of school lands should deliver to a new lessee his improvements on school lands.

Further effects are that the wheat and the other movable property in question on this land at the time she harvested the wheat was the property of the defendant and she was free to do with it as she chose. She chose to harvest and keep the wheat and on account thereof she has no claim against the plaintiffs. Apparently some other property was left which was kept by plaintiffs. She is entitled to the value of this other property from the plaintiffs. The plaintiffs obtained no rights to the wheat produced on the land by the defendant, hence their cause of action is not valid.

The judgment of the district court is reversed and the cause is remanded with directions to dismiss plaintiffs' petition, and with directions to dismiss defendant's cross-petition except as to that portion wherein she claims a right of recovery for the value of. property other than wheat. If the tendered payment for improvements other than wheat has been accepted by the defendant then that portion of the cross-petition shall also be dismissed, but if it has not, then there shall be a new trial to determine whether or not there was such property taken and if so the value thereof.

REVERSED AND REMANDED WITH DIRECTIONS.