WILLIAM MARA, APPELLEE, V. ORA NORMAN, TREASURER OF
PERKINS COUNTY, NEBRASKA, APPELLEE, IMPLEADED WITH
GEORGE VOLBERDING ET AL., APPELLANTS.

77 N. W. 2d 569

Filed June 22, 1956. No. 34003.

*George B. Hastings* and *John E. Dougherty,* for appellants.

*Bruce K. Lyon,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This litigation results from two of our opinions holding unconstitutional certain statutes dealing with school lands. See, State ex rel. Ebke v. Board of Educational Lands & Funds, 154 Neb. 244, 47 N. W. 2d 520; Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508.

William Mara was in possession of Section 36, Township 11 North, Range 41 West of the 6th P. M., in Perkins County, Nebraska, during 1951 and prior years under a 25-year lease. As a result of our decision in State ex rel. Ebke v. Board of Educational Lands & Funds, *supra,* the Board of Educational Lands and Funds, hereinafter referred to as the board, did, on April 16, 1952, at Grant, Nebraska, offer for sale at public auction a 12-year lease on these premises, the term thereof to commence January 1, 1952. George Volberding made the highest and best bid for the lease; however, by oral agreement, he transferred his right to a lease on the north half of the section to Everett Walrod. Leases dated April 28, 1952,

were executed and subsequently delivered by the board to the lessees therein named. A lease on the south half of the section was made to George and Alice Volberding and one on the north half of the section to Everett and Elaine Walrod. We shall hereinafter refer to them as the lessees.

During the tenure of his lease William Mara made improvements on the north half of Section 36 and, in 1952, had a growing crop of wheat on the land. On June 3, 1952, the board, by letter of that date, requested the county commissioners of Perkins County, under the provisions of section 72-240.06, R. R. S. 1943, to appraise the wheat growing on the south half of Section 36. This the county commissioners did on June 10, 1952, appraising the wheat growing thereon at $500. This report they filed with the county treasurer on June 30, 1952.

Later, on June 18, 1952, the board made a similar request of the county commissioners in relation to the improvements and crops on the north half of Section 36. The commissioners did so on June 30, 1952, appraising the improvements at $8,000 and the wheat growing thereon at $6,200. They also filed this report with the county treasurer on June 30, 1952.

Apparently, according to the stipulation of the parties, George Volberding and Everett Walrod made similar requests of the county commissioners. When such requests were made is not shown.

On July 11, 1952, the board, in answer to his letter of July 2, 1952, notified George Volberding that as soon as he deposited with the county treasurer the amount of these appraisals he would be entitled to his lease and possession of the land. These payments were made to the county treasurer on or before July 29, 1952. George Volberding took possession of the south half of the section in June 1952 and used one small granary located on the section. Everett Walrod took possession of the north half of the section on November 1, 1952, and used

one small granary located thereon. None of the other buildings have been used. All the improvements are located on the north half of the section.

Although he knew the money had been deposited with the county treasurer William Mara made no demand therefor until the day he commenced this action, which was April 6, 1955. In fact he harvested and kept the wheat grown on this land in 1952 which had been appraised at $6,700. Immediately following the release of our opinion in Watkins v. Dodson, *supra,* on February 11, 1955, holding section 72-240.06, R. R. S. 1943, unconstitutional, the lessees asked Ora Norman, county treasurer of Perkins County, to return these funds to them. This demand she refused to comply with, the same as she later refused to pay the $8,000 to William Mara when he demanded it immediately before bringing this action.

This suit was brought by William Mara to obtain the $8,000 deposited with the county treasurer as the appraised value of the improvements he had put on the north half of Section 36 while he occupied it under a 25-year lease.

The defendant county treasurer, who made no claim to the funds, was permitted to deposit them with the clerk of the district court. Since plaintiff had harvested and kept the wheat crop for 1952, it was agreed by the parties, and authorized by the court, to have the clerk of the court return the $6,700, the appraised value of the wheat growing on the premises at the time of the appraisal, to George Volberding and Everett Walrod. This he did. However, the court found plaintiff was entitled to the $8,000 and directed the clerk of the court to pay it to him. Their motion for new trial having been overruled, the defendant lessees have appealed therefrom.

We held in Watkins v. Dodson, *supra,* that: "Section 72-240.06, R. R. S. 1943, fails to provide for notice to be given the owner of improvements so that he may ap-

pear before the appraisers and protect his rights and, for failure to so provide, is unconstitutional and void."

And in Board of Educational Lands & Funds v. Gillett, 158 Neb. 558, 64 N. W. 2d 105, we held that: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; and it is, in legal contemplation, as inoperative as though it had never been passed." See, also, Watkins v. Dodson, *supra;* Swanson v. Dolezal, 114 Neb. 540, 208 N. W. 639.

As stated in 16 C. J. S., Constitutional Law, § 101, p. 289: "An unconstitutional legislative enactment legally binds no one, and need not be complied with. No rights are conferred, no protection is afforded, and no duties can be imposed, by such a statute."

The effect of our holding in Watkins v. Dodson, *supra,* is stated in Jessen v. Blackard, 160 Neb. 557, 71 N. W. 2d 100, as follows: "Effects of this are that there was no statutory definition of improvements on school lands; that there was no provision for appraisement of improvements on school lands; that there was no requirement that a new lessee on school lands should take or pay for improvements of a former lessee on school lands; and that there was no requirement that the old lessee of school lands should deliver to a new lessee his improvements on school lands."

While the trial court based its holding on estoppel and appellee urges quasi estoppel is here controlling, it should be remembered that while estoppel may be urged for the protection of a right, it can never create a right. Here the act has already been declared unconstitutional. This action is not for that purpose.

Appellee contends this is a common-law action against an agent, the county treasurer, for money had and received by her for him. But under the statute the county treasurer was not an agent of the appellee but a public officer given certain duties to perform in connection with her office, that is, to pay to the state the amount

due it, if any, from the former lessee and to hold the balance of such funds, if any, for the use of such former lessee. With the act being declared unconstitutional that duty actually never existed and certainly is nothing upon which appellee can predicate any rights.

We have dealt with an almost identical situation in Jessen v. Blackard, *supra*. Therein the factual situation was as follows: "On August 4, 1952, plaintiffs paid to the county treasurer for the benefit of defendant $1,526, that being the appraised value of all improvements except the wheat. There is no information as to whether or not the defendant accepted this $1,526." We then said: "Under these authorities it is clear that the court has a duty of its own to perform. It may not properly grant relief based upon a statute which is nonexistent or one which has become nonexistent by reason of judicial declaration of unconstitutionality by this court whether the question has been raised by the parties or not. In the instance of previous declaration of unconstitutionality this court will take notice of its own judgment and opinion." We think that is the situation here. As further stated in Jessen v. Blackard, *supra*: "If the tendered payment for improvements other than wheat has been accepted by the defendant then that portion of the cross-petition shall also be dismissed, but if it has not, then there shall be a new trial to determine whether or not there was such property taken and if so the value thereof." The latter has application here.

We therefore reverse the judgment of the trial court and remand the cause with directions that the $8,000 now being held by the clerk of the court be paid to George Volberding and Everett Walrod and that appellee be given permission to amend his pleadings, if he so desires, to have determined whether or not his improvements have been taken by the lessees and converted to their use and, if so, the value thereof. All cost are taxed to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.