STATE OF NEBRASKA, BOARD OF EDUCATIONAL LANDS AND FUNDS, APPELLANT, v. RICHARD W. BARDSLEY, APPELLEE.

177 N. W. 2d 599

Filed June 5, 1970.   No. 37472.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellant.

Russell & Colfer, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action for a declaratory judgment to determine the ownership of a quonset metal building located on state school land under the management and control of the Board of Educational Lands and Funds of the State of Nebraska and leased to the defendant. The trial court held that the building was owned by the defendant and the plaintiff board has appealed.

On October 18, 1943, the board executed a written lease to Section 36, Township 5 North, Range 36 West of the 6th P.M., in Chase County, Nebraska, to William O. Bardsley for a term of 25 years commencing on January 1, 1944. Upon the death of William O. Bardsley, his widow, Mary Bardsley, became the owner of the lease. Upon the death of the widow, her son, the defendant, became its owner and occupied the school land covered by the lease to the time of the trial of the case. No question is raised as to the validity of defendant's present ownership of the lease.

On or about October 25, 1954, during the period that Mary Bardsley was the owner of the lease, she constructed the quonset building on the school land covered by the lease at a cost of $3,136.55. No permission was asked for or obtained from the board to place the

quonset building on the leased school land; nor was there any contractual provision protecting the ownership of the building in the lessee.

The defendant here claims to be the owner of the quonset building. The board asserts that the building was placed on the school land without permission or agreement and that by its permanent attachment to the land it is a part of the school land and owned by the board as trustee of school lands. It is fundamental that the rights of a lessee of school lands are to be determined by the law in effect at the time the lease was made. Pfeifer v. Ableidinger, 166 Neb. 464, 89 N. W. 2d 568. A lease between the board and a lessee is property and such a lessee may not be deprived of any substantial right arising from it. Nor may the board as trustee be deprived of its property by subsequent legislation placing burdens upon it which deplete its value.

At the time the school land lease was entered into upon which the quonset building was constructed on the leased school land, section 72-240, R. S. 1943, provided in part: "* * * If the highest bid received shall be made by a person other than the lessee, the value of all the improvements on the land shall be appraised * * *. Improvements to be included in such appraisement shall be all buildings, * * *. The successful bidder, if he be other than the former lessee, shall within thirty days after the filing of the appraisement, pay to the county treasurer the amount of the appraisement." In 1947, section 72-240, R. S. 1943, was amended and the foregoing section carried into section 72-240.06, R. R. S. 1943, in language of the same meaning. In Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508, this court determined that section 72-240.06, R. R. S. 1943, was unconstitutional and void for failure to provide due process. It was stated in the opinion: "An unconstitutional statute is a nullity, is void from its enactment, and is incapable of creating any rights or obligations."

It is plain that on the finding of the unconstitutionality of section 72-240.06, R. R. S. 1943, the antecedents of this statute containing the same provisions were also unconstitutional. As a result there was no statute in existence granting an interest in the improvements to the lessee at the time the school land lease was made. Under these circumstances, the rules of the common law apply. § 49-101, R. R. S. 1943. "The general rule that improvements which become a part of the real estate may not be removed and do not become the property of the lessee is applicable in the absence of agreement, express or implied, or a statute indicating otherwise." Blomquist v. Board of Educational Lands & Funds, 170 Neb. 741, 104 N. W. 2d 264. This is the common law rule.

In Jessen v. Blackard, 160 Neb. 557, 71 N. W. 2d 100, this court said: "Under these authorities it is clear that the court has a duty of its own to perform. It may not properly grant relief based upon a statute which is nonexistent or one which has become nonexistent by reason of judicial declaration of unconstitutionality by this court whether the question has been raised by the parties or not."

In 1953, section 72-240.07, R. R. S. 1943, was enacted which stated in part: "Before any buildings, * * * are placed upon school lands by a lessee, written approval must be obtained from the Board * * *. Any such improvements placed upon school lands after September 14, 1953, where written approval for such improvements was not obtained from the board shall be considered improvements of the land and the lessee shall not be entitled to reimbursement therefor." Assuming that this statute has application to the case before us, it can afford no comfort to the defendant for the reason that no written approval was obtained from the board by the lessee before placing the quonset building on the school land as the statute requires.

As a consequence of these holdings, the lessee obtained

no interest in the quonset building under section 72-240, R. S. 1943, because of its unconstitutionality. Nor could the lessee gain any interest in the quonset building under section 72-240.07, R. R. S. 1943, for failure to comply with the conditions precedent contained in the act purporting to grant such an interest. The trial court was in error in declaring the lessee to be the owner of the quonset building.

While the question of estoppel is not a direct issue in this case, we can find no basis for it under the facts shown by this record. "While the trial court based its holding on estoppel and appellee urges quasi estoppel is here controlling, it should be remembered that while estoppel may be urged for the protection of a right, it can never create a right." Mara v. Norman, 162 Neb. 845, 77 N. W. 2d 569.

For the foregoing reasons, the judgment of the district court is reversed. We remand the cause to the district court with directions to enter a declaratory judgment for the plaintiff in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

The parties stipulated that the defendant was the owner of all the improvements on the land listed in an inventory dated October 9, 1968, except the quonset building that was placed on the land in 1954. As I view the record, the question presented is whether the 1953 statute is applicable in this case so that the defendant's failure to obtain permission from the plaintiff results in the quonset building being considered an improvement to the land with the defendant having no right to reimbursement for the building.

In Todd v. Board of Educational Lands & Funds, 154 Neb. 606, 48 N. W. 2d 706, a statute requiring the written approval of the board to an assignment of the lease was held not applicable to existing leases. This court said: "The Board of Educational Lands and Funds in leasing school land is limited by the authority granted

it by the Legislature. It has no other power. The law on the subject in force at the time of the execution of a lease is a part thereof and determines the rights of the lessee. A lease made in compliance with the direction and permission of the Legislature between the state and the lessee is a contract and is property. The rights resulting from the contract vest on its execution and delivery. The state may not subsequently by legislation deprive the lessee of any substantial right secured to him by the lease. Constitutional guaranties and prohibitions safeguard it. These include the mandate that no state shall deprive any person of property without due process of law; no state shall enact any law impairing the obligations of a contract; and the property of no person shall be taken or damaged for public use without compensation. State v. Platte Valley Public Power & Irrigation Dist., 147 Neb. 289, 23 N. W. 2d 300, 166 A. L. R. 1196; Reavis v. State, 140 Neb. 442, 300 N. W. 344; Stanser v. Cather, 85 Neb. 305, 123 N. W. 316; Hile v. Troupe, supra; State ex rel. Patterson v. Wenzel, 55 Neb. 210, 75 N. W. 579; State ex rel. Beer v. Thayer, 46 Neb. 137, 64 N. W. 700; State ex rel. Brown v. McPeak, 31 Neb. 139, 47 N. W. 691."

In my opinion the right to construct improvements on the leasehold, without the permission of the board, and to receive reimbursement at the expiration of the lease was a substantial right of which the defendant could not be deprived without his consent.

McCown, J., joins in this dissent.