CHARLES C. HANNA ET AL., APPELLEES, V. BOARD OF EDUCATIONAL LANDS AND FUNDS OF THE STATE OF NEBRASKA, ET AL., APPELLANTS.

48 N. W. 2d 715

Filed July 10, 1951.　No. 32991.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for appellants.

*William B. Quigley, Lynn E. Heth,* and *Peterson, Devoe & Ackerman,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action instituted in the district court for Lancaster County, Nebraska, by Charles C. Hanna and G. H. Sullens, as plaintiffs in error, against the Board of Educational Lands and Funds and the members

thereof, as defendants in error. On appeal to this court the defendants in error are appellants and the plaintiffs in error are appellees. For convenience hereinafter Charles C. Hanna will be referred to as Hanna, G. H. Sullens as Sullens, and the Board of Educational Lands and Funds as the board. Further reference to the members of the board will not be required.

The matter before this court is the propriety of a decree which was entered pursuant to the overruling of a demurrer filed by the defendants in error which was overruled and a decision upon the merits of the cause of action as pleaded in the petition.

The petition set forth substantially, to the extent necessary to state its contents here, that on September 25, 1948, Hanna was the holder of a lease on all of Section 16, Township 31, Range 25, Cherry County, Nebraska, except the northwest quarter of the southeast quarter thereof. The land is school land under the control of the board. The lease was for a 25 year period beginning December 31, 1924, and ending December 31, 1949. On September 25, 1948, Hanna entered into a contract for the assignment of this lease to Sullens. The date fixed for delivery of the assignment was January 10, 1949. The stated consideration for the assignment was one dollar. The contract was a part of a transaction whereby Hanna sold to Sullens adjoining ranch lands. On September 10, 1949, Hanna made application for renewal of the lease in his own name. The board issued a renewal lease to Hanna for a term of 12 years and forwarded it to the county treasurer of Cherry County for delivery. Acceptance of the renewal lease was refused by Hanna. On November 26, 1949, Hanna, having executed an assignment of lease No. 63226 to Sullens, made application to the board for appoval of the assignment and for a renewal thereof in favor of Sullens. The assignment was accepted by Sullens on November 30, 1949. Sullens went into possession of the land on January 10, 1949. In the petition it does not appear

whether or not Sullens ever made application for a renewal of the lease in his name.

The board conducted a hearing and on that hearing refused to approve the assignment of lease No. 63226 and refused either to issue a renewal thereof in the name of Sullens or to approve an assignment of the renewal lease issued to Hanna which he had refused or failed to accept. This renewal lease to Hanna. bore No. 69015.

Hanna and Sullens declared in their petition in error that the board was in error in refusing to approve the assignment of lease No. 63226 and in refusing to issue a renewal lease to Sullens.

The reasons for the refusal on the part of the board are fully set forth in the petition in error but in the light of the question or questions subject to review as limited by the decree and the manner in which the case comes here for review it is not deemed necessary to set them forth herein.

As already indicated a demurrer was filed to the petition. This was a general demurrer. The demurrer was overruled and the defendants elected to stand thereon. Whereupon, the court proceeded to examine the allegations of the petition and on the basis thereof rendered its decree. The decree directed the approval of the assignment of lease No. 63226 by the board and also directed the approval of the assignment to Sullens of the renewal lease which had been issued to Hanna but which had not been delivered to him. This is the substantial limit of the relief granted by the decree.

The propriety of that portion of the decree holding that Sullens was entitled to have approved assignment of lease No. 63226 has been fully discussed and decided in Todd v. Board of Educational Lands and Funds, *ante* p. 606, 48 N. W. 2d 706, which decision was approved and followed in Watson Hay Co. v. Board of Educational Lands and Funds, *ante* p. 613, 48 N. W. 2d 711.

The holdings in those cases are approved and adopted for the purposes of this case.

Accordingly it is held herein as it was held by the district court that Sullens is entitled to have approved assignment of lease No. 63226.

The question raised by that portion of the decree pertaining to the right of Sullens to a renewal lease for the period of 12 years beginning with December 31, 1949, has been in essence determined by the opinion and decision of this court in State ex rel. Ebke v. Board of Educational Lands and Funds, *ante* p. 244, 47 N. W. 2d 520.

In the opinion in that case this court condemned as invalid the same sections of the statute as are relied upon by Sullens as authority for his right to receive and have approved this assigned lease. The holding in that case was followed in Todd v. Board of Educational Lands and Funds, *supra*.

The purport and effect of the opinion in the case of State ex rel. Ebke v. Board of Educational Lands and Funds, *supra*, was to say that any legislative plan for the leasing of educational lands which operates to the special benefit of existing lessees desiring to continue as such which is arbitrarily and unreasonably detrimental to the trust is invalid.

That to allow this new lease to stand would have the effect which is condemned in that opinion cannot well be doubted. The petition in error contains a finding of the board fixing a valuation of the lease above that on which renewal was sought and nowhere in the petition is there to be found a contention that the valuation thus fixed is excessive.

It is concluded therefore that the trial court erred wherein it decreed that Sullens was entitled to an assignment of the lease for a period of 12 years beginning December 31, 1949.

The decree of the district court to the extent that it directs that the assignment of lease No. 63226 be ap-

proved is affirmed. To the extent that it directs that the assignment of the lease for the period of 12 years beginning December 31, 1949, be approved it is reversed with directions to the district court to enter decree accordingly.

AFFIRMED IN PART, AND IN PART REVERSED WITH DIRECTIONS.